IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


William E. Stephenson,                :

      Plaintiff,               :

   v.                              :    Case No. 2:08-cv-932

U.S. Army Research Institute
of Infectious Disease,                :    JUDGE SMITH

      Defendant.               :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff William E. Stephenson commenced this action for a declaratory judgment and damages against defendant U.S. Army Research Institute of Infectious Disease. Because Mr. Stephenson has moved to proceed <u>in forma pauperis</u>, the case is before the Court for an initial screening pursuant to 28 U.S.C. §1915(e)(2).

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

II.

Mr. Stephenson in his complaint sets forth the following claim for relief:

> Plaintiff states that medical records from the Ohio state correctional department And eye medical records and reports of treatment while there, involved the state As well as local and county departments, Plaintiff claims that this research was con-Ducted by all parties named in complaint. Plaintiff claims that Ohio State University Physics and Biomedical engineering department as well as Third frontier project were Involved as well. Plaintiff also goes on to point out true intensions of research and Biological interest of all groups named to use a human being for biological research Involving but not limited to human Cybernetics, Microfluidic /fluid flow monitoring Systems detection for bio-hazardous agents and chemical and blood cell detection Of virus, bacteria and diseases infections within the blood. Plaintiff claims these acts Took place by the use of the degrees of physics, Biological science, medical devices Cellular/wireless signals, coax cable lines, wireless systems, TV receptions, spy cameras Hacking of plaintiffs computer use, GPS tracking and traces, manipulation of Medical devices with in the Plaintiff, and SAR =specific absorption rate of electromagnetic Created frequency sent by devices named and controlled by generators within distance Of Plaintiff's sleeping quarters. Ohio Health will be named as well as a main investor And provider of test and research conducted for homeless people for which the Plaintiff Used.

> Plaintiff complains that his body was violated under
> the 'knowing' eye of the Government for which the
> Plaintiff signed NO agreement form to have his
> religious Believes violated and his privacy aswell.
> Medical devices provided by digital angel and US Army,
> and other Defendant(s). Plaintiff's body was used for
> medical research involving GPS devices, and Micro
> fluidic devices against his will and only found out
> from security Scanner when his organs became
> paralysised from frequency signals emitted from The
> scanners. Plaintiff can't go into stores due to fear of
> devices being triggerd. Plaintiff seeks help removing
> and making those responsible pay in court. These said
> Devices can manipulate Plaintiffs circulatory system
> and result in death or injury. [quoted as original].

Complaint p. 2. Mr. Stephenson subsequently identifies at least 63 separate procedures that were allegedly carried out. See id. at pp. 3-6.

III.

The Court has examined two other cases where the plaintiffs made allegations similar to Mr. Stephenson's. For the same reasons expressed in these decisions, the Court concludes that Mr. Stephenson's allegations are fantastic and delusional.

In Kierstead v. Suter, 903 F.Supp. 801 (D.N.J. 1995), the plaintiff alleged inter alia that the government conducted, without her consent, a behavioral and biomedical research study on her in violation of the Thirteenth and Fourteenth Amendments to the Constitution; activated a series of "communal bonds" involving herself and her family which increased the level of natural toxins in her body; created a "consort group" to keep a 24-hour surveillance over her; permitted third parties access to her private data such as her biomedical functioning; used a computerized program to cause her weight gain; released toxins into her food; irreparably harmed her teeth by means of a technological tort; interfered with her use of transit systems; and impersonated her most significant authority figures. The

district court characterized these allegations as "irrationally bizarre" and concluded that no extended analysis of them was required before dismissing the complaint as frivolous. Id. at 802-03.

In Laveau v. Snyder, 84 Fed. App'x 654 (7th Cir. 2003), the court of appeals affirmed the district court's dismissal of an Illinois inmate's complaint as frivolous. The inmate had alleged that the Illinois Department of Corrections employed a sophisticated criminal surveillance device to monitor his thoughts and to manipulate those thoughts to compel him to make incriminating statements that he was a child abductor and murderer. The prison officials allegedly re-broadcast the false statements to prison staff and other inmates who then subjected him to physical and psychological abuse. Id. at 655. The appeals court held that the complaint was properly dismissed without an evidentiary hearing in light of the fantastic and delusional nature of the allegations. Id. at 656.

Certainly, the performance of experimental medical research on an unwitting victim is both reprehensible and unlawful. If Mr. Stephenson's assertions were even slightly credible, the Court would not hesitate to order the defendant to respond to his complaint. Like the claims made in both Kierstead and Laveau, however, his complaint alleges matters so far beyond the realm of reason that it is properly characterized as "fantastical," and thus subject to dismissal under §1915(c).

IV.

It is, therefore, recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). It is further recommended that a copy of the complaint, this Report and Recommendation, and any dismissal order be mailed to the defendant if the Report and Recommendation is adopted.

4

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge